# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAVERNE LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JO ANNE BARNHART, | : | |
| Social Security Commissioner | : | NO.  04-4045 |

## ORDER

**AND NOW**, this 30th day of May, 2006, after careful and independent consideration of plaintiff's motion for summary judgment, defendant's cross-motion for summary judgment, plaintiff's reply, the report and recommendation of the Honorable Timothy R. Rice, United States Magistrate Judge, plaintiff's objections thereto, and the entire administrative record, it appearing that:

a. The administrative law judge ("ALJ") had substantial evidence to find that plaintiff's residual functional capacity ("RFC") is sufficient to perform a range of light work with a sit/stand option, occasional postural activity, and no exposure to environmental extremes.  Further, the ALJ considered all relevant evidence in determining plaintiff's RFC.  Although it is true that the ALJ did not cite the particular document noted by plaintiff (Exhibit 5F, Medical Source Statement dated 9/3/02), the ALJ cited three times a related document prepared by Dr. Gupta (Exhibit 6F, Internal Medicine Report of 9/4/02) that was based on the 9/3/02 evaluation.

b. The ALJ complied with SSR 00-4p because, when considered in context: (1) there were no "apparent unresolved conflicts" between the vocational expert's testimony and the Dictionary of Occupational Titles about which the ALJ should have inquired; and (2) other substantial evidence in the record supported the ALJ's finding beyond the vocational expert's testimony.

c. The ALJ sufficiently accounted for plaintiff's stress level in his assessment of RFC by specifying the need for a simple, repetitive working environment for the plaintiff.  The credible evidence in the record suggests that such consideration was sufficient.

d. It was unnecessary for the ALJ to re-contact the physicians who had submitted disfavored reports because they were judged to be inconsistent with the bulk of the evidence in the record or unsupported by fact, i.e., inadequate and not uncertain.

e. The ALJ is entitled to deference with respect to his assessment of plaintiff's

credibility.

    f.      The ALJ had substantial reason to believe that plaintiff's spine disease did not qualify as a "severe impairment," and the presence of the condition without clear evidence of accompanying functional impairment is not sufficient.

**THEREFORE**, it is **ORDERED:**

1.      The report and recommendation (paper # 11) is **APPROVED** and **ADOPTED**.

2.      Plaintiff's objections to the report and recommendation (paper # 12) are **OVERRULED**.

3.      Plaintiff's motion for summary judgment (paper # 7) is **DENIED**.

4.      Defendant's motion for summary judgment (paper # 8) is **GRANTED**.

5.      The clerk is directed to mark this action **CLOSED**.

/s/ Norma L. Shapiro
Norma L. Shapiro, S.J.